UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:19-CR-041 |
| | ) |
| JOHNNY RAY COLEMAN | ) |

## **MEMORANDUM AND ORDER**

The defendant pled guilty to possessing a firearm as an unlawful user and addict of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). He will be sentenced on July 23, 2019. The United States Probation Office has prepared and disclosed its Presentence Investigation Report ("PSR") [doc. 8], to which the defendant has filed four objections. [Doc. 12].

The first objection challenges the PSR's application of the United States Sentencing Commission Guideline Manual's ("U.S.S.G.") cross-reference provision to increase his base offense level by use of the kidnapping guideline. *See* U.S.S.G. §§ 2K2.1(c), 2X1.1, 2A4.1. The PSR cross-references the kidnapping guideline in light of a summary of a state court affidavit of complaint listed at PSR paragraph 12. That information pertains to pending Cocke County, Tennessee, charges (PSR ¶ 64) stemming from the offense of conviction in this case, including a charge of aggravated kidnapping. In sum, PSR paragraph 12 states that the defendant: "pulled a gun on" the victim; repeatedly hit the victim in the head with the end of the gun; attempted to rob the victim; forced the victim, at gunpoint, to drive to various locations; and held the victim "against his own will."

The defendant objects that the victim made a sexual advance toward him, thus provoking "the incident." The defendant also denies striking the victim "in the head with the gun during the ride." The defendant does not object to any of the other substantive allegations from the affidavit of complaint. As such, the Court accepts the contents of PSR paragraph 12, with the exception of the allegation that the defendant struck the victim in the head with a gun, as conclusively-established findings of fact. *See* Fed. R. Crim. P. 32(i)(3)(A) ("At sentencing, the court may accept any undisputed portion of the presentence report as a finding of fact[.]"); *accord United States v. Adkins*, 429 F.3d 631, 632-33 (6th Cir. 2005).

Under Tennessee law, the elements of the crime of aggravated kidnapping are, in material part, "false imprisonment, as defined in § 39-13-302, committed . . . [w]hile the defendant is in possession of a deadly weapon or threatens the use of a deadly weapon." Tenn. Code Ann. § 39-13-304(a)(5). In turn, "[a] person commits the offense of false imprisonment who knowingly removes or confines another unlawfully so as to interfere substantially with the other's liberty." *Id.* § 39-13-302(a).

As noted, the Court deems admitted the following facts from paragraph 12 of the PSR: the defendant "pulled a gun on" his victim, forced the victim at gunpoint to drive to various locations, and held the victim "against his own will." Fed. R. Crim. P. 32(i)(3)(A). Based on these admitted facts, the Court easily finds by a preponderance of the evidence that the defendant committed the offense of aggravated kidnapping because, while in possession of a deadly weapon, he knowingly removed or confined another unlawfully so

as to interfere substantially with the other's liberty. As such, the PSR properly cross-references the kidnapping guideline. The defendant's first objection will be overruled.

Additionally, as the defendant recognizes, the cross-reference issue will not impact his sentence because he entered into a Rule 11(c)(1)(C) plea agreement in this case for a 120-month term of imprisonment. The cross-reference objection is therefore moot. *See* Fed. R. Crim. P. 32(i)(3)(B) (district court need not rule on an objection that will not affect sentencing).

Similarly, the defendant's remaining objections do not affect his guideline range and will not impact sentencing. Further, each objection has been resolved in the defendant's favor by the PSR Addendum. [Doc. 20].

For the reasons provided herein, the defendant's first objection [doc. 12] is **OVERRULED** and his remaining objections [doc. 12] are **OVERRULED AS MOOT**. Sentencing remains set for Tuesday, July 23, 2019, at 10:45 a.m. in Greeneville.

        **IT IS SO ORDERED.**

        ENTER:

        s/ Leon Jordan
        United States District Judge